# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PRAGMATUS TELECOM, LLC,<br><br>Plaintiff,<br><br>v.<br><br>INTEACTIVE INTELLIGENCE, INC.<br><br>Defendant. | Civil Action No.<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Pragmatus Telecom, LLC ("Pragmatus") complains and alleges as follows against Defendant Interactive Intelligence, Inc. ("Interactive Intelligence"):

## THE PARTIES

1.  Pragmatus is a limited liability company organized and existing under the laws of the Commonwealth of Virginia with its principal place of business at 601 North King Street, Alexandria, Virginia 22314.

2.  Pragmatus is informed and believes that Interactive Intelligence is a Indiana corporation with its principal place of business located at 7601 Interactive Way, Indianapolis, Indiana 46278.

## JURISDICTION AND VENUE

3.  This is an action for patent infringement arising under the patent laws of the United States, United States Code, 35 U.S.C. § 271 et seq. This Court has subject matter jurisdiction over this action under Title 28 United States Code, §§ 1331 and 1338.

4. Pragmatus is informed and believes that this Court has personal jurisdiction over Interactive Intelligence because Interactive Intelligence has committed, and continues to commit, acts of infringement in Delaware.

5. Venue is proper under 28 U.S.C. §§ 1391 and 1400 because Interactive Intelligence has committed acts of infringement in this district.

## THE PATENTS-IN-SUIT

6. On October 30, 2001, the United States Patent and Trademark Office ("USPTO") duly and legally issued United States Patent No. 6,311,231 ("the '231 Patent"), entitled "Method and System for Coordinating Data and Voice Communications Via Customer Contract Channel Changing System Using Voice Over IP." Pragmatus holds all right, title, and interest in and to the '231 Patent. A true and correct copy of the '231 Patent is attached as Exhibit A.

7. On December 23, 2003, the USPTO duly and legally issued United States Patent No. 6,668,286 ("the '286 Patent"), entitled "Method and System for Coordinating Data and Voice Communications Via Customer Contact Channel Changing System Over IP." Pragmatus holds all right, title and interest in and to the '286 Patent. A true and correct copy of the '286 Patent is attached as Exhibit B.

8. On January 2, 2007, the USPTO duly and legally issued United States Patent No. 7,159,043 ("the '043 Patent"), entitled "Method and System for Coordinating Data and Voice Communications Via Contact Channel Changing System." Pragmatus holds all right, title and interest in and to the '043 Patent. A true and correct copy of the '043 Patent is attached as Exhibit C.

9. On May 7, 2013, the USPTO duly and legally issued United Stations Patent No. 8,438,314 ("the '314 Patent"), entitled "Method and System for Coordinating Data and Voice Communications Via Customer Contact Channel Changing System." Pragmatus holds all right, title and interest in and to the '314 Patent. A true and correct copy of the '314 Patent is attached as Exhibit D.

**COUNT 1**

**(INFRINGEMENT OF THE '231 PATENT)**

10. Pragmatus incorporates by reference herein the averments set forth in paragraphs 1 through 9 above.

11. Pragmatus is informed and believes, and thereon alleges, that Interactive Intelligence has directly infringed and continues to directly infringe, literally and/or under the doctrine of equivalents, at least claim 9 of the '231 Patent by making, using, selling, offering for sale and providing live chat services and systems over the Internet.

12. Pragmatus is informed and believes, and thereon alleges, that Interactive Intelligence also has and continues to indirectly infringe at least claim 9 of the '231 Patent by inducing others to infringe or contributing to the infringement of others, including customers of its live chat services and systems, including, but not limited to Vizio, Aiphone and Rheem, in this judicial district and elsewhere in the United States.

13. Specifically, Pragmatus is informed and believes, and thereon alleges, that Interactive Intelligence has actively induced and continues to induce the infringement of at least claim 9 of the '231 Patent at least by actively inducing third party customers of its live chat services and systems, including, but not limited to Vizio, Aiphone and Rheem, in the United States and this District. Pragmatus is informed and believes, and thereon

alleges, that Interactive Intelligence knew or should have known that its conduct would induce others to use its software and/or hardware for providing live chat services in a manner than infringes the '231 Patent. Pragmatus is informed and believes, and thereon alleges, that these third parties have infringed and will continue to infringe at least claim 9 of the '231 Patent in violation of 35 U.S.C. § 271(a) by using the infringing system/service ("Direct Infringers"). Pragmatus is informed and believes, and thereon alleges, that Interactive Intelligence through at least the sale and/or license of live chat software and hardware and related services actively induced their customers to infringe at least claim 9 of the '231 Patent.

14. Pragmatus is informed and believes, and thereon alleges, that at least since it knew of the '231 Patent, Interactive Intelligence specifically intended to induce the Direct Infringers to use the its live chat software in a manner that directly infringes at least claim 9 of the '231 Patent because, among other things, it instructs the Direct Infringers on the use of its live chat products to use the products in an infringing manner.

15. Pragmatus is informed and believes, and thereon alleges, that as a proximate result of Interactive Intelligence's inducement, the Direct Infringers directly infringed and continue to directly infringe at least claim 9 of the '231 Patent at least by using Interactive Intelligence's live chat software, hardware, and/or related services in connection with the Internet.

16. Pragmatus is informed and believes, and thereon alleges, that at least since Interactive Intelligence knew of the '231 Patent, Interactive Intelligence knew or was willfully blind to knowing that the Direct Infringers were using Interactive Intelligence's live chat software, hardware, and/or related services in connection with the Internet in a

way that directly infringes at least claim 9 of the '231 Patent as a result of its inducement of infringement.

17.     Pragmatus is informed and believes, and thereon alleges, that Interactive Intelligence has contributorily infringed and continues to contributorily infringe at least claim 9 of the '231 Patent by providing, selling or offering to sell within the United States infringing software, systems and services that constitute a material part of the claimed invention and are not staple articles of commerce suitable for substantial non-infringing use.  Pragmatus is informed and believes, and thereon alleges, that these third parties have infringed and will infringe the '231 Patent in violation of 35 U.S.C. § 271(a) by using the infringing live chat software, hardware, and/or related services ("Direct Infringers").

18.     Pragmatus is informed and believes that Interactive Intelligence provides a component of the patented machine and/or material or apparatus for practicing a patented process to the Direct Infringers of at least claim 9 of the '231 patent by providing their live chat software, hardware, and/or services in conjunction with instructions to Direct Infringers.

19.     Pragmatus is informed and believes that Interactive Intelligence has notice of its infringement of the '231 patent through discussions with its customers including, but not limited to, Vizio, Aiphone and Rheem.  Interactive Intelligence also has written notice of its infringement by virtue of the filing and service of this Complaint.

20.     Pragmatus is informed and believes that at least as a result of the foregoing notice and the filing and service of this Complaint, Interactive Intelligence has knowledge of its infringement of the '231 Patent.

21. Pragmatus is informed and believes, and thereon alleges, that the live chat software, hardware, and/or related services that Interactive Intelligence provides to its customers constitute a material part of the invention of the '231 patent at least because the invention cannot be practiced without these components.

22. Pragmatus is informed and believes that the live chat software, hardware, and/or related services that Interactive Intelligence provides to its customers are not staple articles of commerce, and have no substantial non-infringing uses, at least for the reason that the accused aspects of Interactive Intelligence's live chat products are designed to only substantially perform in a manner that infringes.

23. Pragmatus has suffered damages as a result of Interactive Intelligence's infringement of the '231 Patent in an amount to be proven at trial. In light of the foregoing knowledge, conduct, and failure to cease its infringement, Interactive Intelligence's infringement if willful and Pragmatus is entitled to treble damages.

## COUNT II

### (INFRINGEMENT OF THE '286 PATENT)

24. Pragmatus incorporates by reference herein the averments set forth in paragraphs 1 through 9 above.

25. Pragmatus is informed and believes, and thereon alleges, that Interactive Intelligence has directly infringed and continues to directly infringe, literally and/or under the doctrine of equivalents, at least claim 18 of the '286 Patent by making, using, selling, offering for sale and providing live chat services and systems over the Internet.

26. Pragmatus is informed and believes, and thereon alleges, that Interactive Intelligence also has and continues to indirectly infringe at least claim 18 of the '286

Patent by inducing others to infringe or contributing to the infringement of others, including customers of its live chat services and systems, including, but not limited to Vizio, Aiphone and Rheem, in this judicial district and elsewhere in the United States.

27.  Specifically, Pragmatus is informed and believes, and thereon alleges, that Interactive Intelligence has actively induced and continues to induce the infringement of at least claim 18 of the '286 Patent at least by actively inducing third party customers of its live chat services and systems, including, but not limited to Vizio, Aiphone and Rheem, in the United States and this District.  Pragmatus is informed and believes, and thereon alleges, that Interactive Intelligence knew or should have known that its conduct would induce others to use its software and/or hardware for providing live chat services in a manner than infringes the '286 Patent.  Pragmatus is informed and believes, and thereon alleges, that these third parties have infringed and will continue to infringe at least claim 18 of the '286 Patent in violation of 35 U.S.C. § 271(a) by using the infringing system/service ("Direct Infringers").  Pragmatus is informed and believes, and thereon alleges, that Interactive Intelligence through at least the sale and/or license of live chat software and hardware and related services actively induced their customers to infringe at least claim 18 of the '286 Patent.

28.  Pragmatus is informed and believes, and thereon alleges, that at least since it knew of the '286 Patent, Interactive Intelligence specifically intended to induce the Direct Infringers to use the its live chat software in a manner that directly infringes at least claim 18 of the '286 Patent because, among other things, it instructs the Direct Infringers on the use of its live chat products to use the products in an infringing manner.

29. Pragmatus is informed and believes, and thereon alleges, that as a proximate result of Interactive Intelligence's inducement, the Direct Infringers directly infringed and continue to directly infringe at least claim 18 of the '286 Patent at least by using Interactive Intelligence's live chat software, hardware, and/or related services in connection with the Internet.

30. Pragmatus is informed and believes, and thereon alleges, that at least since Interactive Intelligence knew of the '286 Patent, Interactive Intelligence knew or was willfully blind to knowing that the Direct Infringers were using Interactive Intelligence's live chat software, hardware, and/or related services in connection with the Internet in a way that directly infringes at least claim 18 of the '286 Patent as a result of its inducement of infringement.

31. Pragmatus is informed and believes, and thereon alleges, that Interactive Intelligence has contributorily infringed and continues to contributorily infringe at least claim 18 of the '286 Patent by providing, selling or offering to sell within the United States infringing software, systems and services that constitute a material part of the claimed invention and are not staple articles of commerce suitable for substantial non-infringing use.  Pragmatus is informed and believes, and thereon alleges, that these third parties have infringed and will infringe the '286 Patent in violation of 35 U.S.C. § 271(a) by using the infringing live chat software, hardware, and/or related services ("Direct Infringers").

32. Pragmatus is informed and believes that Interactive Intelligence provides a component of the patented machine and/or material or apparatus for practicing a patented process to the Direct Infringers of at least claim 18 of the '286 patent by providing their

live chat software, hardware, and/or services in conjunction with instructions to Direct Infringers.

33. Pragmatus is informed and believes that Interactive Intelligence has notice of its infringement of the '286 patent through discussions with its customers including, but not limited to, Vizio, Aiphone and Rheem. Interactive Intelligence also has written notice of its infringement by virtue of the filing and service of this Complaint.

34. Pragmatus is informed and believes that at least as a result of the foregoing notice and the filing and service of this Complaint, Interactive Intelligence has knowledge of its infringement of the '286 Patent.

35. Pragmatus is informed and believes, and thereon alleges, that the live chat software, hardware, and/or related services that Interactive Intelligence provides to its customers constitute a material part of the invention of the '286 patent at least because the invention cannot be practiced without these components.

36. Pragmatus is informed and believes that the live chat software, hardware, and/or related services that Interactive Intelligence provides to its customers are not staple articles of commerce, and have no substantial non-infringing uses, at least for the reason that the accused aspects of Interactive Intelligence's live chat products are designed to only substantially perform in a manner that infringes.

37. Pragmatus has suffered damages as a result of Interactive Intelligence's infringement of the '286 Patent in an amount to be proven at trial. In light of the foregoing knowledge, conduct, and failure to cease its infringement, Interactive Intelligence's infringement if willful and Pragmatus is entitled to treble damages.

### COUNT III

**(INFRINGEMENT OF THE '043 PATENT)**

38. Pragmatus incorporates by reference herein the averments set forth in paragraphs 1 through 9 above.

39. Pragmatus is informed and believes, and thereon alleges, that Interactive Intelligence has directly infringed and continues to directly infringe, literally and/or under the doctrine of equivalents, at least claim 1 of the '043 Patent by making, using, selling, offering for sale and providing live chat services and systems over the Internet.

40. Pragmatus is informed and believes, and thereon alleges, that Interactive Intelligence also has and continues to indirectly infringe at least claim 1 of the '043 Patent by inducing others to infringe or contributing to the infringement of others, including customers of its live chat services and systems, including, but not limited to Vizio, Aiphone and Rheem, in this judicial district and elsewhere in the United States.

41. Specifically, Pragmatus is informed and believes, and thereon alleges, that Interactive Intelligence has actively induced and continues to induce the infringement of at least claim 1 of the '043 Patent at least by actively inducing third party customers of its live chat services and systems, including, but not limited to Vizio, Aiphone and Rheem, in the United States and this District.  Pragmatus is informed and believes, and thereon alleges, that Interactive Intelligence knew or should have known that its conduct would induce others to use its software and/or hardware for providing live chat services in a manner than infringes the '043 Patent.  Pragmatus is informed and believes, and thereon alleges, that these third parties have infringed and will continue to infringe at least claim 1 of the '043 Patent in violation of 35 U.S.C. § 271(a) by using the infringing system/service ("Direct Infringers").  Pragmatus is informed and believes, and thereon

alleges, that Interactive Intelligence through at least the sale and/or license of live chat software and hardware and related services actively induced their customers to infringe at least claim 1 of the '043 Patent.

42. Pragmatus is informed and believes, and thereon alleges, that at least since it knew of the '043 Patent, Interactive Intelligence specifically intended to induce the Direct Infringers to use the its live chat software in a manner that directly infringes at least claim 1 of the '043 Patent because, among other things, it instructs the Direct Infringers on the use of its live chat products to use the products in an infringing manner.

43. Pragmatus is informed and believes, and thereon alleges, that as a proximate result of Interactive Intelligence's inducement, the Direct Infringers directly infringed and continue to directly infringe at least claim 1 of the '043 Patent at least by using Interactive Intelligence's live chat software, hardware, and/or related services in connection with the Internet.

44. Pragmatus is informed and believes, and thereon alleges, that at least since Interactive Intelligence knew of the '043 Patent, Interactive Intelligence knew or was willfully blind to knowing that the Direct Infringers were using Interactive Intelligence's live chat software, hardware, and/or related services in connection with the Internet in a way that directly infringes at least claim 1 of the '043 Patent as a result of its inducement of infringement.

45. Pragmatus is informed and believes, and thereon alleges, that Interactive Intelligence has contributorily infringed and continues to contributorily infringe at least claim 1 of the '043 Patent by providing, selling or offering to sell within the United States infringing software, systems and services that constitute a material part of the

claimed invention and are not staple articles of commerce suitable for substantial non-infringing use. Pragmatus is informed and believes, and thereon alleges, that these third parties have infringed and will infringe the '043 Patent in violation of 35 U.S.C. § 271(a) by using the infringing live chat software, hardware, and/or related services ("Direct Infringers").

46. Pragmatus is informed and believes that Interactive Intelligence provides a component of the patented machine and/or material or apparatus for practicing a patented process to the Direct Infringers of at least claim 1 of the '043 patent by providing their live chat software, hardware, and/or services in conjunction with instructions to Direct Infringers.

47. Pragmatus is informed and believes that Interactive Intelligence has notice of its infringement of the '043 patent through discussions with its customers including, but not limited to, Vizio, Aiphone and Rheem. Interactive Intelligence also has written notice of its infringement by virtue of the filing and service of this Complaint.

48. Pragmatus is informed and believes that at least as a result of the foregoing notice and the filing and service of this Complaint, Interactive Intelligence has knowledge of its infringement of the '043 Patent.

49. Pragmatus is informed and believes, and thereon alleges, that the live chat software, hardware, and/or related services that Interactive Intelligence provides to its customers constitute a material part of the invention of the '043 patent at least because the invention cannot be practiced without these components.

50. Pragmatus is informed and believes that the live chat software, hardware, and/or related services that Interactive Intelligence provides to its customers are not

staple articles of commerce, and have no substantial non-infringing uses, at least for the reason that the accused aspects of Interactive Intelligence's live chat products are designed to only substantially perform in a manner that infringes.

51. Pragmatus has suffered damages as a result of Interactive Intelligence's infringement of the '043 Patent in an amount to be proven at trial. In light of the foregoing knowledge, conduct, and failure to cease its infringement, Interactive Intelligence's infringement if willful and Pragmatus is entitled to treble damages.

## COUNT IV

## (INFRINGEMENT OF THE '314 PATENT)

52. Pragmatus incorporates by reference herein the averments set forth in paragraphs 1 through 9 above.

53. Pragmatus is informed and believes, and thereon alleges, that Interactive Intelligence has directly infringed and continues to directly infringe, literally and/or under the doctrine of equivalents, at least claim 1 of the '314 Patent by making, using, selling, offering for sale and providing live chat services and systems over the Internet.

54. Pragmatus is informed and believes, and thereon alleges, that Interactive Intelligence also has and continues to indirectly infringe at least claim 1 of the '314 Patent by inducing others to infringe or contributing to the infringement of others, including customers of its live chat services and systems, including, but not limited to Vizio, Aiphone and Rheem, in this judicial district and elsewhere in the United States.

55. Specifically, Pragmatus is informed and believes, and thereon alleges, that Interactive Intelligence has actively induced and continues to induce the infringement of at least claim 1 of the '314 Patent at least by actively inducing third party customers of its

live chat services and systems, including, but not limited to Vizio, Aiphone and Rheem, in the United States and this District. Pragmatus is informed and believes, and thereon alleges, that Interactive Intelligence knew or should have known that its conduct would induce others to use its software and/or hardware for providing live chat services in a manner than infringes the '314 Patent. Pragmatus is informed and believes, and thereon alleges, that these third parties have infringed and will continue to infringe at least claim 1 of the '314 Patent in violation of 35 U.S.C. § 271(a) by using the infringing system/service ("Direct Infringers"). Pragmatus is informed and believes, and thereon alleges, that Interactive Intelligence through at least the sale and/or license of live chat software and hardware and related services actively induced their customers to infringe at least claim 1 of the '314 Patent.

56.     Pragmatus is informed and believes, and thereon alleges, that at least since it knew of the '314 Patent, Interactive Intelligence specifically intended to induce the Direct Infringers to use the its live chat software in a manner that directly infringes at least claim 1 of the '314 Patent because, among other things, it instructs the Direct Infringers on the use of its live chat products to use the products in an infringing manner.

57.     Pragmatus is informed and believes, and thereon alleges, that as a proximate result of Interactive Intelligence's inducement, the Direct Infringers directly infringed and continue to directly infringe at least claim 1 of the '314 Patent at least by using Interactive Intelligence's live chat software, hardware, and/or related services in connection with the Internet.

58.     Pragmatus is informed and believes, and thereon alleges, that at least since Interactive Intelligence knew of the '314 Patent, Interactive Intelligence knew or was

willfully blind to knowing that the Direct Infringers were using Interactive Intelligence's live chat software, hardware, and/or related services in connection with the Internet in a way that directly infringes at least claim 1 of the '314 Patent as a result of its inducement of infringement.

59. Pragmatus is informed and believes, and thereon alleges, that Interactive Intelligence has contributorily infringed and continues to contributorily infringe at least claim 1 of the '314 Patent by providing, selling or offering to sell within the United States infringing software, systems and services that constitute a material part of the claimed invention and are not staple articles of commerce suitable for substantial non-infringing use. Pragmatus is informed and believes, and thereon alleges, that these third parties have infringed and will infringe the '314 Patent in violation of 35 U.S.C. § 271(a) by using the infringing live chat software, hardware, and/or related services ("Direct Infringers").

60. Pragmatus is informed and believes that Interactive Intelligence provides a component of the patented machine and/or material or apparatus for practicing a patented process to the Direct Infringers of at least claim 1 of the '314 patent by providing their live chat software, hardware, and/or services in conjunction with instructions to Direct Infringers.

61. Pragmatus is informed and believes that Interactive Intelligence has notice of its infringement of the '314 patent through discussions with its customers including, but not limited to, Vizio, Aiphone and Rheem. Interactive Intelligence also has written notice of its infringement by virtue of the filing and service of this Complaint.

62. Pragmatus is informed and believes that at least as a result of the foregoing notice and the filing and service of this Complaint, Interactive Intelligence has knowledge of its infringement of the '314 Patent.

63. Pragmatus is informed and believes, and thereon alleges, that the live chat software, hardware, and/or related services that Interactive Intelligence provides to its customers constitute a material part of the invention of the '314 patent at least because the invention cannot be practiced without these components.

64. Pragmatus is informed and believes that the live chat software, hardware, and/or related services that Interactive Intelligence provides to its customers are not staple articles of commerce, and have no substantial non-infringing uses, at least for the reason that the accused aspects of Interactive Intelligence's live chat products are designed to only substantially perform in a manner that infringes.

65. Pragmatus has suffered damages as a result of Interactive Intelligence's infringement of the '314 Patent in an amount to be proven at trial.  In light of the foregoing knowledge, conduct, and failure to cease its infringement, Interactive Intelligence's infringement if willful and Pragmatus is entitled to treble damages.

**PRAYER FOR RELIEF**

WHEREFORE, Pragmatus respectfully requests the following relief:

a. A judgment that Interactive Intelligence has infringed one or more claims of United States Patent Nos. 6,311,231, 6,668,286, 7,159,043 and 8,438,314;

b. A judgment that United States Patent Nos. 6,311,231, 6,668,286, 7,159,043 and 8,438,314 are valid and enforceable;

    c. Pragmatus be awarded damages adequate to compensate Pragmatus for Interactive Intelligence's infringement of United States Patent Nos. 6,311,231, 6,668,286, 7,159,043 and 8,438,314 up until the date such judgment is entered, including prejudgment and post-judgment interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary adequately to compensate Pragmatus for Interactive Intelligence's infringement, an accounting;

    d. A judgment that Pragmatus be awarded attorneys' fees, costs, and expenses incurred in prosecuting this action

    e. An injunction preventing Interactive Intelligence's infringement of United States Patent Nos. 6,311,231, 6,668,286, 7,159,043 and 8,438,314; and

    f. A judgment that Pragmatus be awarded such further relief at law or in equity as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pragmatus hereby demands trial by jury on all claims and issues so triable.

Dated: February 7, 2014    Respectfully submitted,

            FARNAN LLP

            /s/ Brian E. Farnan
            Brian E. Farnan (Bar No. 4089)
            919 North Market Street
Of Counsel:        12th Floor
            Wilmington, DE 19801
Margaret Elizabeth Day   (302) 777-0300
Ian N. Feinberg      (302)777-0301
David L. Alberti      bfarnan@farnanlaw.com
Clayton Thompson
Marc C. Belloli
Sal Lim
Yakov Zolotorev

-18-

FEINBERG DAY ALBERTI &
THOMPSON LLP
1600 El Camino Real, Suite 280
Menlo Park, CA 94025
Telephone: (650) 618.4360
Facsimile: (650) 618.4368
eday@feinday.com
ifeinberg@feinday.com
dalberti@feinday.com
cthompson@feinday.com
mbelloli@feinday.com
slim@feinday.com
yzolotorev@feinday.com

*Attorneys for Plaintiff*
PRAGMATUS TELECOM, LLC