IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PRAGMATUS TELECOM, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 14-169 (RGA) |
| | ) | |
| INTERACTIVE INTELLIGENCE, INC. | ) | |
| | ) | |
| Defendant. | ) | |

**INTERACTIVE INTELLIGENCE, INC'S ANSWER AND
DEFENSES TO PLAINTIFF PRAGMATUS TELECOM LLC'S COMPLAINT**

Defendant Interactive Intelligence, Inc. ("Defendant") by and through its undersigned counsel, hereby submits its Answer and Defenses to the Complaint for Patent Infringement ("Complaint") filed by Plaintiff Pragmatus Telecom, LLC. ("Pragmatus" or "Plaintiff").

## I.      ANSWER TO COMPLAINT

As set forth below, Defendant answers the allegations in Plaintiff's Complaint by reproducing each of the pertinent headings therein [in brackets] and the corresponding paragraph numbering, if any.  Defendant's reproduction, below, of any headings set forth in Plaintiff's Complaint is solely for the purpose of convenience and is not, and should not be, construed as an admission by Defendant that any allegations or other statements in such headings, whether explicit or implied, are true, correct or admitted by Defendant; any such allegations are hereby denied.  All allegations in Plaintiff's Complaint that Defendant does not expressly admit or deny, below, are hereby denied.

**The Parties**

1.      Pragmatus is a limited liability company organized and existing under the laws of the Commonwealth of Virginia with its principal place of business at 601 North King Street, Alexandria, Virginia 22314.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 and, therefore, denies them.

2.      Pragmatus is informed and believes that Interactive Intelligence is an Indiana corporation with its principal place of business located at 7601 Interactive Way, Indianapolis, Indiana 46278.

**ANSWER:**     Defendant admits that it is an Indiana corporation with its principal place of business located at 7601 Interactive Way, Indianapolis, Indiana 46278.

**Jurisdiction and Venue**

3.      This is an action for patent infringement arising under the patent laws of the United States, United States Code, 35 U.S.C. §271 et seq.   This Court has subject matter jurisdiction over this action under Title 28 United States Code, §§ 1331 and 1338.

**ANSWER:**     Defendant admits that Plaintiff purports to bring an action for patent infringement arising under the United States patent laws, 35 U.S.C.  Defendant admits that this Court has subject matter jurisdiction over actions arising under the patent laws pursuant to 28 U.S.C. §§ 1331 and 1338, to the extent that standing and other requirements are met, except Defendant denies the merit and validity of any of Plaintiff's claims for which subject matter jurisdiction may be had pursuant to those statutes.  Defendant denies any remaining allegations in paragraph 3.

4.      Pragmatus is informed and believes that this Court has personal jurisdiction over Interactive Intelligence because Interactive Intelligence has committed, and continues to commit, acts of infringement in Delaware.

**ANSWER:**      Defendant does not contest personal jurisdiction in this Court for purposes of this action, but Defendant denies the merit and validity of any of Plaintiff's claims for which personal jurisdiction may be had.   Defendant denies any remaining allegations in paragraph 4.

5.      Venue is proper under 28 U.S.C. §§ 1391 and 1400 because Interactive Intelligence has committed acts of infringement in this district.

**ANSWER:**      Defendant does not contest that venue is proper in this Court for purposes of this action, but denies that this Court is a convenient forum and denies the merit validity of any of Plaintiff's claims for which venue may be had.   Defendant denies the remaining allegations in paragraph 5.   Defendant reserves its right to seek to transfer the venue of this matter pursuant to 28 U.S.C. § 1404.

**<u>The Patents-In-Suit</u>**

6.      On October 30, 2001, the United States Patent and Trademark Office ("USPTO") duly and legally issued United States Patent No. 6,311,231 ("the '231 Patent"), entitled "Method and System for Coordinating Data and Voice Communications Via Customer Contract Channel Changing System Using Voice Over IP."   Pragmatus holds all right, title, and interest in and to the '231 Patent.   A true and correct copy of the '231 Patent is attached as Exhibit A.

**ANSWER:**      Defendant admits that an uncertified copy of the '231 Patent is attached to Plaintiff's Complaint as Exhibit A, and that it is entitled "Method and System for Coordinating Data and Voice Communications Via Customer Contract Channel Changing System Using Voice Over IP."   Defendant is without knowledge or

information sufficient to form a belief as to the truth or accuracy of the remaining allegations in paragraph 6, and therefore denies them.

7.      On December 23, 2003, the USPTO duly and legally issued United States Patent No. 6,668,286 ("the '286 Patent"), entitled "Method and System for Coordinating Data and Voice Communications Via Customer Contact Channel Changing System Over IP."  Pragmatus holds all right, title, and interest in and to the '286 Patent.  A true and correct copy of the '286 Patent is attached as Exhibit B.

**ANSWER:**      Defendant admits that an uncertified copy of the '286 Patent is attached to Plaintiff's Complaint as Exhibit B, and that it is entitled "Method and System for Coordinating Data and Voice Communications Via Customer Contact Channel Changing System Over IP."  Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations in paragraph 7, and therefore denies them.

8.      On January 7, 2007, the USPTO duly and legally issued United States Patent No. 7,159,043 ("the '043 Patent"), entitled "Method and System for Coordinating Data and Voice Communications Via Contact Channel Changing System."  Pragmatus holds all right, title, and interest in and to the '043 Patent.  A true and correct copy of the '043 Patent is attached as Exhibit C.

**ANSWER:**      Defendant admits that an uncertified copy of the '043 Patent is attached to Plaintiff's Complaint as Exhibit C, and that it is entitled "Method and System for Coordinating Data and Voice Communications Via Contact Channel Changing System."  Defendant is without knowledge or information sufficient to form a

- 4 -

belief as to the truth or accuracy of the remaining allegations in paragraph 8, and

therefore denies them.

9.      On May 7, 2013, the USPTO duly and legally issued United States Patent No.

8,438,314 ("the '314 Patent"), entitled "Method and System for Coordinating Data and Voice

Communications Via Customer Contact Channel Changing System." Pragmatus holds all right,

title, and interest in and to the '314 Patent. A true and correct copy of the '314 Patent is attached

as Exhibit D.

**ANSWER:**      Defendant admits that an uncertified copy of the '314 Patent is attached to

Plaintiff's Complaint as Exhibit D, and that it is entitled "Method and System for

Coordinating Data and Voice Communications Via Customer Contact Channel

Changing System." Defendant is without knowledge or information sufficient to

form a belief as to the truth or accuracy of the remaining allegations in paragraph

9, and therefore denies them.

<u>**COUNT 1**</u>
**[INFRINGEMENT OF THE '231 PATENT]**

10.      Pragmatus incorporates by reference herein the averments set forth in paragraphs

1 through 9 above.

**ANSWER**:      In response to paragraph 10, Defendant hereby re-alleges and incorporates by

reference, as if fully set forth herein, its responses and any allegations and

affirmative statements set forth in paragraphs 1-9 above.

11.      Pragmatus is informed and believes, and thereon alleges, that Interactive

Intelligence has directly infringed and continues to directly infringe, literally and/or under the

doctrine of equivalents, at least claim 9 of the '231 Patent by making, using, selling, offering for

sale and providing live chat services and systems over the internet.

**ANSWER**:    Defendant denies the allegations in paragraph 11.

12.    Pragmatus is informed and believes, and thereon alleges, that Interactive Intelligence has directly infringed and continues to directly infringe, literally and/or under the doctrine of equivalents, at least claim 9 of the '231 Patent by inducing others to infringe or contributing to the inducement of others, including customers of its live chat services and systems, including, but not limited to Vizio, Aiphone and Rheem, in this judicial district and elsewhere in the United States.

**ANSWER**:    Defendant denies the allegations in paragraph 12.

13.    Specifically, Pragmatus is informed and believes, and thereon alleges, that Interactive Intelligence has actively induced and continues to induce the infringement of at least claim 9 of the '231 Patent at least by actively inducing third party customers of its live chat services and systems, including, but not limited to Vizio, Aiphone and Rheem, in the United States and this District.  Pragmatus is informed and believes, and thereon alleges, that Interactive Intelligence knew or should have known that its conduct would induce others to use its software and/or hardware for providing live chat services in a manner than infringes the '231 Patent. Pragmatus is informed and believes, and thereon alleges, that these third parties have infringed and will continue to infringe at least claim 9 of the '231 Patent in violation of 35 U.S.C. § 271(a) by using the infringing system/service ("Direct Infringers").  Pragmatus is informed and believes, and thereon alleges, that Interactive Intelligence through at least the sale and/or license of live chat software and hardware and related services actively induced their customers to infringe at least claim 9 of the '231 Patent.

**ANSWER**:    Defendant denies the allegations in paragraph 13.

14.     Pragmatus is informed and believes, and thereon alleges, that at least since it knew of the '231 Patent, Interactive Intelligence specifically intended to induce the Direct Infringers to use the its live chat software in a manner that directly infringes at least claim 9 of the '231 Patent because, among other things, it instructs the Direct Infringers on the use of its live chat products to use the products in an infringing manner.

**ANSWER**:     Defendant denies the allegations in paragraph 14.

15.     Pragmatus is informed and believes, and thereon alleges, that as a proximate result of Interactive Intelligence's inducement, the Direct Infringers directly infringed and continue to directly infringe at least claim 9 of the '231 Patent at least by using Interactive Intelligence's live chat software, hardware, and/or related services in connection with the Internet.

**ANSWER**:     Defendant denies the allegations in paragraph 15.

16.     Pragmatus is informed and believes, and thereon alleges, that at least since Interactive Intelligence knew of the '231 Patent, Interactive Intelligence knew or was willfully blind to knowing that the Direct Infringers were using Interactive Intelligence's live chat software, hardware, and/or related services in connection with the Internet in a way that directly infringes at least claim 9 of the '231 Patent as a result of its inducement of infringement.

**ANSWER**:     Defendant denies the allegations in paragraph 16.

17.     Pragmatus is informed and believes, and thereon alleges, that Interactive Intelligence has contributorily infringed and continues to contributorily infringe at least claim 9 of the '231 Patent by providing, selling or offering to sell within the United States infringing software, systems and services that constitute a material part of the claimed invention and are not staple articles of commerce suitable for substantial non-infringing use.  Pragmatus is informed

and believes, and thereon alleges, that these third parties have infringed and will infringe the '231 Patent in violation of 35 U.S.C. §271(a) by using the infringing live chat software, hardware, and/or related services ("Direct Infringers").

**ANSWER**:    Defendant denies the allegations in paragraph 17.

18.    Pragmatus is informed and believes that Interactive Intelligence provides a component of the patented machine and/or material or apparatus for practicing a patented process to the Direct Infringers of at least claim 9 of the '231 Patent by providing their live chat software, hardware, and/or services in conjunction with instructions to Direct Infringers.

**ANSWER**:    Defendant denies the allegations in paragraph 18.

19.    Pragmatus is informed and believes that Interactive Intelligence has notice of its infringement of the '231 Patent through discussions with its customers including, but not limited to Vizio, Aiphone and Rheem.  Interactive Intelligence also has written notice of its infringement by virtue of the filing and service of this Complaint.

**ANSWER**:    Defendant denies infringement of the '231 Patent.    Defendant denies the
            remaining allegations in paragraph 19.

20.    Pragmatus is informed and believes that at least as a result of the foregoing notice and the filing and service of this Complaint, Interactive Intelligence has knowledge of its infringement of the '231 Patent.

**ANSWER**:    Defendant denies the allegations in paragraph 20.

21.    Pragmatus is informed and believes, and thereon alleges, that the live chat software, hardware, and/or related services that Interactive Intelligence provides to its customers constitute a material part of the invention of the '231 Patent at least because the invention cannot be practiced without these components.

**ANSWER**:     Defendant denies the allegations in paragraph 21.

22.     Pragmatus is informed and believes that the live chat software, hardware, and/or related services that Interactive Intelligence provides to its customers are not staple articles of commerce, and have no substantial non-infringing uses, at least for the reason that the accused aspects of Interactive Intelligence's live chat products are designed to only substantially perform in a manner that infringes.

**ANSWER**:     Defendant denies the allegations in paragraph 22.

23.     Pragmatus has suffered damages as a result of Interactive Intelligence's infringement of the '231 Patent in an amount to be proven at trial.   In light of the foregoing knowledge, conduct, and failure to cease its infringement, Interactive Intelligence's infringement if willful and Pragmatus is entitled to treble damages.

**ANSWER**:     Defendant denies the allegations in paragraph 23.

<u>**COUNT II**</u>
**[INFRINGEMENT OF THE '286 PATENT]**

24.     Pragmatus incorporates by reference herein the averments set forth in paragraphs 1 through 9 above.

**ANSWER**:     In response to paragraph 24, Defendant hereby re-alleges and incorporates by reference, as if fully set forth herein, its responses and any allegations and affirmative statements set forth in paragraphs 1-23 above.

25.     Pragmatus is informed and believes, and thereon alleges, that Interactive Intelligence has directly infringed and continues to directly infringe, literally and/or under the doctrine of equivalents, at least claim 18 of the '286 Patent by making, using, selling, offering for sale and providing live chat services and systems over the internet.

**ANSWER**:     Defendant denies the allegations in paragraph 25.

26.     Pragmatus is informed and believes, and thereon alleges, that Interactive Intelligence also has and continues to indirectly infringe at least claim 18 of the '286 Patent by inducing others to infringe or contributing to the inducement of others, including customers of its live chat services and systems, including, but not limited to Vizio, Aiphone and Rheem, in this judicial district and elsewhere in the United States.

**ANSWER**:     Defendant denies the allegations in paragraph 26.

27.     Specifically, Pragmatus is informed and believes, and thereon alleges, that Interactive Intelligence has actively induced and continues to induce the infringement of at least claim 18 of the '286 Patent at least by actively inducing third party customers of its live chat services and systems, including, but not limited to Vizio, Aiphone and Rheem, in the United States and this District.  Pragmatus is informed and believes, and thereon alleges, that Interactive Intelligence knew or should have known that its conduct would induce others to use its software and/or hardware for providing live chat services in a manner than infringes the '286 Patent. Pragmatus is informed and believes, and thereon alleges, that these third parties have infringed and will continue to infringe at least claim 18 of the '286 Patent in violation of 35 U.S.C. § 271(a) by using the infringing system/service ("Direct Infringers").  Pragmatus is informed and believes, and thereon alleges, that Interactive Intelligence through at least the sale and/or license of live chat software and hardware and related services actively induced their customers to infringe at least claim 18 of the '286 Patent.

**ANSWER**:     Defendant denies the allegations in paragraph 27.

28.     Pragmatus is informed and believes, and thereon alleges, that at least since it knew of the '286 Patent, Interactive Intelligence specifically intended to induce the Direct Infringers to use the its live chat software in a manner that directly infringes at least claim 18 of

the '286 Patent because, among other things, it instructs the Direct Infringers on the use of its live chat products to use the products in an infringing manner.

**ANSWER**:    Defendant denies the allegations in paragraph 28.

29.    Pragmatus is informed and believes, and thereon alleges, that as a proximate result of Interactive Intelligence's inducement, the Direct Infringers directly infringed and continue to directly infringe at least claim 18 of the '286 Patent at least by using Interactive Intelligence's live chat software, hardware, and/or related services in connection with the Internet.

**ANSWER**:    Defendant denies the allegations in paragraph 29.

30.    Pragmatus is informed and believes, and thereon alleges, that at least since Interactive Intelligence knew of the '286 Patent, Interactive Intelligence knew or was willfully blind to knowing that the Direct Infringers were using Interactive Intelligence's live chat software, hardware, and/or related services in connection with the Internet in a way that directly infringes at least claim 18 of the '286 Patent as a result of its inducement of infringement.

**ANSWER**:    Defendant denies the allegations in paragraph 30.

31.    Pragmatus is informed and believes, and thereon alleges, that Interactive Intelligence has contributorily infringed and continues to contributorily infringe at least claim 18 of the '286 Patent by providing, selling or offering to sell within the United States infringing software, systems and services that constitute a material part of the claimed invention and are not staple articles of commerce suitable for substantial non-infringing use.  Pragmatus is informed and believes, and thereon alleges, that these third parties have infringed and will infringe the '286 Patent in violation of 35 U.S.C. §271(a) by using the infringing live chat software, hardware, and/or related services ("Direct Infringers").

**ANSWER**:   Defendant denies the allegations in paragraph 31.

32.   Pragmatus is informed and believes that Interactive Intelligence provides a component of the patented machine and/or material or apparatus for practicing a patented process to the Direct Infringers of at least claim 18 of the '286 Patent by providing their live chat software, hardware, and/or services in conjunction with instructions to Direct Infringers.

**ANSWER**:   Defendant denies the allegations in paragraph 32.

33.   Pragmatus is informed and believes that Interactive Intelligence has notice of its infringement of the '286 Patent through discussions with its customers including, but not limited to Vizio, Aiphone and Rheem.  Interactive Intelligence also has written notice of its infringement by virtue of the filing and service of this Complaint.

**ANSWER**:   Defendant denies the allegations in paragraph 33.

34.   Pragmatus is informed and believes that at least as a result of the foregoing notice and the filing and service of this Complaint, Interactive Intelligence has knowledge of its infringement of the '286 Patent.

**ANSWER**:   Defendant denies the allegations in paragraph 34.

35.   Pragmatus is informed and believes, and thereon alleges, that the live chat software, hardware, and/or related services that Interactive Intelligence provides to its customers constitute a material part of the invention of the '286 Patent at least because the invention cannot be practiced without these components.

**ANSWER**:   Defendant denies the allegations in paragraph 35.

36.   Pragmatus is informed and believes that the live chat software, hardware, and/or related services that Interactive Intelligence provides to its customers are not staple articles of commerce, and have no substantial non-infringing uses, at least for the reason that the accused

aspects of Interactive Intelligence's live chat products are designed to only substantially perform in a manner that infringes.

**ANSWER**:     Defendant denies the allegations in paragraph 36.

37.     Pragmatus has suffered damages as a result of Interactive Intelligence's infringement of the '286 Patent in an amount to be proven at trial.  In light of the foregoing knowledge, conduct, and failure to cease its infringement, Interactive Intelligence's infringement if willful and Pragmatus is entitled to treble damages.

**ANSWER**:     Defendant denies the allegations in paragraph 37.

**COUNT III**
**[INFRINGEMENT OF THE '043 PATENT]**

38.     Pragmatus incorporates by reference herein the averments set forth in paragraphs 1 through 9 above.

**ANSWER**:     In response to paragraph 38, Defendant hereby re-alleges and incorporates by reference, as if fully set forth herein, its responses and any allegations and affirmative statements set forth in paragraphs 1-37 above.

39.     Pragmatus is informed and believes, and thereon alleges, that Interactive Intelligence has directly infringed and continues to directly infringe, literally and/or under the doctrine of equivalents, at least claim 1 of the '043 Patent by making, using, selling, offering for sale and providing live chat services and systems over the Internet.

**ANSWER**:     Defendant denies the allegations in paragraph 39.

40.     Pragmatus is informed and believes, and thereon alleges, that Interactive Intelligence also has and continues to indirectly infringe at least claim 1 of the '043 Patent by inducing others to infringe or contributing to the infringement of others, including customers of

its live chat services and systems, including, but not limited to Vizio, Aiphone and Rheem, in this judicial district and elsewhere in the United States.

**ANSWER**:     Defendant denies the allegations in paragraph 40.

41.     Specifically, Pragmatus is informed and believes, and thereon alleges, that Interactive Intelligence has actively induced and continues to induce the infringement of at least claim 1 of the '043 Patent at least by actively inducing third party customers of its live chat services and systems, including, but not limited to Vizio, Aiphone and Rheem, in the United States and this District.  Pragmatus is informed and believes, and thereon alleges, that Interactive Intelligence knew or should have known that its conduct would induce others to use its software and/or hardware for providing live chat services in a manner than infringes the '043 Patent. Pragmatus is informed and believes, and thereon alleges, that these third parties have infringed and will continue to infringe at least claim 1 of the '043 Patent in violation of 35 U.S.C. § 271(a) by using the infringing system/service ("Direct Infringers").   Pragmatus is informed and believes, and thereon alleges, that Interactive Intelligence through at least the sale and/or license of live chat software and hardware and related services actively induced their customers to infringe at least claim 1 of the '043 Patent.

**ANSWER**:     Defendant denies the allegations in paragraph 41.

42.     Pragmatus is informed and believes, and thereon alleges, that at least since it knew of the '043 Patent, Interactive Intelligence specifically intended to induce the Direct Infringers to use the its live chat software in a manner that directly infringes at least claim 1 of the '043 Patent because, among other things, it instructs the Direct Infringers on the use of its live chat products to use the products in an infringing manner.

**ANSWER**:     Defendant denies the allegations in paragraph 42.

43.     Pragmatus is informed and believes, and thereon alleges, that as a proximate result of Interactive Intelligence's inducement, the Direct Infringers directly infringed and continue to directly infringe at least claim 1 of the '043 Patent at least by using Interactive Intelligence's live chat software, hardware, and/or related services in connection with the Internet.

**ANSWER**:     Defendant denies the allegations in paragraph 43.

44.     Pragmatus is informed and believes, and thereon alleges, that at least since Interactive Intelligence knew of the '043 Patent, Interactive Intelligence knew or was willfully blind to knowing that the Direct Infringers were using Interactive Intelligence's live chat software, hardware, and/or related services in connection with the Internet in a way that directly infringes at least claim 1 of the '043 Patent as a result of its inducement of infringement.

**ANSWER**:     Defendant denies the allegations in paragraph 44.

45.     Pragmatus is informed and believes, and thereon alleges, that Interactive Intelligence has contributorily infringed and continues to contributorily infringe at least claim 1 of the '043 Patent by providing, selling or offering to sell within the United States infringing software, systems and services that constitute a material part of the claimed invention and are not staple articles of commerce suitable for substantial noninfringing use.  Pragmatus is informed and believes, and thereon alleges, that these third parties have infringed and will infringe the '043 Patent in violation of 35 U.S.C. § 271(a) by using the infringing live chat software, hardware, and/or related services ("Direct Infringers").

**ANSWER**:     Defendant denies the allegations in paragraph 45.

46.     Pragmatus is informed and believes that Interactive Intelligence provides a component of the patented machine and/or material or apparatus for practicing a patented

process to the Direct Infringers of at least claim 1 of the '043 patent by providing their live chat software, hardware, and/or services in conjunction with instructions to Direct Infringers.

**ANSWER**:     Defendant denies the allegations in paragraph 46.

47.     Pragmatus is informed and believes that Interactive Intelligence has notice of its infringement of the '043 patent through discussions with its customers including, but not limited to, Vizio, Aiphone and Rheem.   Interactive Intelligence also has written notice of its infringement by virtue of the filing and service of this Complaint.

**ANSWER**:     Defendant denies the allegations in paragraph 47.

48.     Pragmatus is informed and believes that at least as a result of the foregoing notice and the filing and service of this Complaint, Interactive Intelligence has knowledge of its infringement of the '043 Patent.

**ANSWER**:     Defendant denies the allegations in paragraph 48.

49.     Pragmatus is informed and believes, and thereon alleges that the live chat software, hardware, and/or related services that Interactive Intelligence provides to its customers constitute a material part of the invention of the '043 Patent at least because the invention cannot be practiced without these components.

**ANSWER**:     Defendant denies the allegations in paragraph 49.

50.     Pragmatus is informed and believes that the live chat software, hardware and/or related services that Interactive Intelligence provides to its customers are not staple articles of commerce, and have no substantial non-infringing uses, at least for the reason that the accused aspects of Interactive Intelligence's live chat products are designed to only substantially perform in a manner that infringes.

**ANSWER**:     Defendant denies the allegations in paragraph 50.

51. Pragmatus has suffered damages as a result of Interactive Intelligence's infringement of the '043 Patent in an amount to be proven at trial. In light of the foregoing knowledge, conduct, and failure to cease its infringement, Interactive Intelligence's infringement if willful and Pragmatus is entitled to treble damages.

**ANSWER**:   Defendant denies the allegations in paragraph 51.

<u>**COUNT IV**</u>
**[INFRINGEMENT OF THE '314 PATENT]**

52. Pragmatus incorporates by reference herein the averments set forth in paragraphs 1 through 9 above.

**ANSWER**:   In response to paragraph 52, Defendant hereby re-alleges and incorporates by reference, as if fully set forth herein, its responses and any allegations and affirmative statements set forth in paragraphs 1-51, above.

53. Pragmatus is informed and believes, and thereon alleges, that Interactive Intelligence has directly infringed and continues to directly infringe, literally and/or under the doctrine of equivalents, at least claim 1 of the '314 Patent by making, using, selling, offering for sale and providing live chat services and systems over the Internet.

**ANSWER**:   Defendant denies the allegations in paragraph 53.

54. Pragmatus is informed and believes, and thereon alleges, that Interactive Intelligence also has and continues to indirectly infringe at least claim 1 of the '314 Patent by inducing others to infringe or contributing to the infringement of others, including customers of its live chat services and systems, including, but not limited to Vizio, Aiphone and Rheem, in this judicial district and elsewhere in the United States.

**ANSWER**:   Defendant denies the allegations in paragraph 54.

55.   Specifically, Pragmatus is informed and believes, and thereon alleges, that Interactive Intelligence has actively induced and continues to induce the infringement of at least claim 1 of the '314 Patent at least by actively inducing third party customers of its live chat serves and systems, including, but not limited to Vizio, Aiphone and Rheem, in the United States and this District.   Pragmatus is informed and believes, and thereon alleges, that Interactive Intelligence knew or should have known that its conduct would induce others to use its software and/or hardware for providing live chat services in manner than infringes the '314 Patent. Pragmatus is informed and believes, and thereon alleges, that these third parties have infringed and will continue to infringe at least claim 1 of the '314 Patent in violation of 35 U.S.C. § 271(a) by using the infringing system/service ("Direct Infringers").   Pragmatus is informed and believes, and thereon alleges, that Interactive Intelligence through at least the sale and/or license of live chat software and hardware and related services actively induced their customers to infringe at least claim 1 of the '314 Patent.

**ANSWER**:   Defendant denies the allegations in paragraph 55.

56.   Pragmatus is informed and believes, and thereon alleges, that at least since it knew of the '314 Patent, Interactive Intelligence specifically intended to induce the Direct Infringers to use the its live chat software in a manner that directly infringes at least claim 1 of the '314 Patent because, among other things, it instructs the Direct Infringers on the use of its live chat products to use the products in an infringing manner.

**ANSWER**:   Defendant denies the allegations in paragraph 56.

57.   Pragmatus is informed and believes, and thereon alleges, that as a proximate result of Interactive Intelligence's inducement, the Direct Infringers directly infringed and continue to directly infringe at least claim 1 of the '314 Patent at least by using Interactive

Intelligence's live chat software, hardware, and/or related services in connection with the Internet.

**ANSWER**:     Defendant denies the allegations in paragraph 57.

58.     Pragmatus is informed and believes, and thereon alleges, that at least since Interactive Intelligence knew of the '314 Patent, Interactive Intelligence knew or was willfully blind to knowing that the Direct Infringers were using Interactive Intelligence's live chat software, hardware, and/or related services in connection with the Internet in a way that directly infringes at least claim 1 of the '314 Patent as a result of its inducement of infringement.

**ANSWER**:     Defendant denies the allegations in paragraph 58.

59.     Pragmatus is informed and believes, and thereon alleges, that Interactive Intelligence has contributorily infringed and continues to contributorily infringe at least claim 1 of the '314 Patent by providing, selling or offering to sell within the United States infringing software, systems and services that constitute a material part of the claimed invention and are not staple articles of commerce suitable for substantial noninfringing use.  Pragmatus is informed and believes, and thereon alleges, that these third parties have infringed and will infringe the '314 Patent in violation of 35 U.S.C. § 271(a) by using the infringing live chat software, hardware, and/or related services ("Direct Infringers").

**ANSWER**:     Defendant denies the allegations in paragraph 59.

60.     Pragmatus is informed and believes that Interactive Intelligence provides a component of the patented machine and/or material or apparatus for practicing a patented process to the Direct Infringers of at least claim 1 of the '314 patent by providing their live chat software, hardware, and/or services in conjunction with instructions to Direct Infringers.

**ANSWER**:     Defendant denies the allegations in paragraph 60.

61.     Pragmatus is informed and believes that Interactive Intelligence has notice of its infringement of the '314 patent through discussions with its customers including, but not limited to, Vizio, Aiphone and Rheem.  Interactive Intelligence also has written notice of its infringement by virtue of the filing and service of this Complaint.

**ANSWER**:     Defendant denies the allegations in paragraph 61.

62.     Pragmatus is informed and believes that at least as a result of the foregoing notice and the filing and service of this Complaint, Interactive Intelligence has knowledge of its infringement of the '314 Patent.

**ANSWER**:     Defendant denies the allegations in paragraph 62.

63.     Pragmatus is informed and believes, and thereon alleges that the live chat software, hardware, and/or related services that Interactive Intelligence provides to its customers constitute a material part of the invention of the '314 Patent at least because the invention cannot be practiced without these components.

**ANSWER**:     Defendant denies the allegations in paragraph 63.

64.     Pragmatus is informed and believes that the live chat software, hardware, and/or related services that Interactive Intelligence provides to its customers are not staple articles of commerce, and have no substantial non-infringing uses, at least for the reason that the accused aspects of Interactive Intelligence's live chat products are designed to only substantially perform in a manner that infringes.

**ANSWER**:     Defendant denies the allegations in paragraph 64.

65.     Pragmatus has suffered damages as a result of Interactive Intelligence's infringement of the '314 Patent in an amount to be proven at trial.  In light of the foregoing

knowledge, conduct, and failure to cease its infringement, Interactive Intelligence's infringement if willful and Pragmatus is entitled to treble damages.

**ANSWER**:     Defendant denies the allegations in paragraph 65.

### PRAYER FOR RELIEF

In response to Plaintiff's Prayer for Relief, and paragraphs a through f thereof, Defendant respectfully requests that the Court deny Plaintiff's claims and any other requests for relief in all respects; that Plaintiff take nothing by way of their claims and any other requests for relief; and that Plaintiff's Complaint, and all claims therein, be dismissed with prejudice.

### II.      DEFENSES

Defendant asserts the following defenses to Plaintiff's claims without admitting or acknowledging that it bears the burden of proof as to any of the defenses:

### First Defense: Non-Infringement

66.      Defendant hereby re-alleges and incorporates by reference, as if fully set forth herein, its responses and any allegations and affirmative statements set forth in paragraphs 1 – 65, above.

67.      Defendant does not infringe, and has never infringed, any valid claim of the '231 Patent, the '286 Patent, the '043 Patent, or the '314 Patent (collectively the "Asserted Patents") whether literally, directly, indirectly, jointly with any other person or entity, contributorily, by inducement, under the doctrine of equivalents, or otherwise under any section of 35 U.S.C. § 271, and, as such, is without any liability to Plaintiff.

### Second Defense: Invalidity

68.      Defendant hereby realleges and incorporates by reference, as if fully set forth herein, its responses and any allegations and affirmative statements set forth in paragraphs 1-67 above.

69.     All claims of the Asserted Patents are invalid for failure to meet and/or comply with one or more of the conditions and requirements of the patent laws and regulations, including, but not limited to, the conditions and requirements set forth in 35 U.S.C. §§ 101, 102, 103, and 112; and 37 C.F.R. §§ 1.1 *et seq*.

### Third Defense: Limitation on Damages

70.     Defendant hereby realleges and incorporates by reference, as if fully set forth herein, its responses and any allegations and affirmative statements set forth in paragraphs 1-69 above.

71.     Some or all of Plaintiff's claims for relief concerning the Asserted Patents are limited or barred as a consequence of failing to comply with the requirements of 35 U.S.C. §§ 285-287 and/or 288.

### Fourth Defense: Equitable Defenses

72.     Defendant hereby realleges and incorporates by reference, as if fully set forth herein, its responses and any allegations and affirmative statements set forth in paragraphs 1-71 above.

73.     Plaintiff's claims for relief concerning the Asserted Patents are barred, in whole or in part, under the principles of equity, including, without limitation, laches, prosecution laches, waiver, implied waiver, estoppel, prosecution history estoppel, misconduct, unclean hands, patent misuse, unfair competition, and/or other equitable defenses.

### Fifth Defense: Failure to State a Claim

74.     Defendant hereby realleges and incorporates by reference, as if fully set forth herein, its responses and any allegations and affirmative statements set forth in paragraphs 1-74 above.

75.     Plaintiff has failed to state any claim upon which relief can be granted.

## Sixth Defense: Unavailability of Injunctive Relief

76.     Defendant hereby realleges and incorporates by reference, as if fully set forth herein, its responses and any allegations and affirmative statements set forth in paragraphs 1-76 above.

77.     Plaintiff is not entitled to injunctive relief or any other equitable relief at least because any alleged injury to Plaintiff is not irreparable and because, had Plaintiff been injured, it would have an adequate remedy at law.

## Seventh Defense: Disclaimer/Disavowal of Claim Scope

78.     Defendant hereby realleges and incorporates by reference, as if fully set forth herein, its responses and any allegations and affirmative statements set forth in paragraphs 1-78 above.

79.     By virtue of statements, arguments, or amendments made, or positions taken, during the prosecution of one or more of the applications for the Asserted Patents and any related patents, and/or by virtue of statements made within one or more of the specifications thereof, Plaintiff has disclaimed and/or disavowed the full scope of any allegedly infringed claim of the Asserted Patents and, as such, is estopped from construing any such claim to cover or include, either literally or under the doctrine of equivalents, any product, system, or service of, or any method performed in whole or in part by, Defendant.

## Eighth Defense: Absolute and Equitable Intervening Rights

80.     Defendant hereby realleges and incorporates by reference, as if fully set forth herein, its responses and any allegations and affirmative statements set forth in paragraphs 1-80 above.

81.     Plaintiff's claims for relief are barred in whole or in part by the doctrines of absolute and/or equitable intervening rights, as set forth in 35 U.S.C. § 252.

## Ninth Defense: Limitation on Liability for Indirect Infringement

82.     Defendant hereby realleges and incorporates by reference, as if fully set forth herein, its responses and any allegations and affirmative statements set forth in paragraphs 1-82 above.

83.     Defendant was not aware of the issued Asserted Patents prior to receiving actual notice, on February 2, 2014.  Defendant could not therefore have had the requisite knowledge of the Asserted Patents that would be necessary to establish that Defendant indirectly infringed the Asserted Patents prior to that date.  Accordingly, Defendant cannot be held liable for any alleged indirect infringement of the Asserted Patents prior to February 2, 2014.

## Tenth Defense:  Release, License, and Exhaustion

84.     Defendant hereby realleges and incorporates by reference, as if fully set forth herein, its responses and any allegations and affirmative statements set forth in paragraphs 1-84 above.

85.     Plaintiff's claims are barred, in whole or in part, by the defenses of release, license, exhaustion, waiver, and estoppel (including, without limitation, defenses arising from implied licenses and/or the doctrine of patent exhaustion); and/or due to restrictions on double recovery.

86.     Defendant reserves all defenses in the Federal Rules of Civil Procedure, the patent laws of the United States, and any other defenses at law or equity that exist now or that may be available in the future based on discovery, any other factual investigation, or any other development relating to this case or any other action.

## III.     PRAYER FOR RELIEF

WHEREFORE, Defendant respectfully requests that the Court deny, in all respects, Plaintiff's claims and any other requests for relief; that Plaintiff take nothing by way of its claims

and any other requests for relief; that Plaintiff's Complaint, and all claims therein, be dismissed with prejudice; that the Court enter judgment in favor of Interactive Intelligence and against Plaintiff on all claims asserted by Plaintiff; and that the Court enter a judgment:

A.     Finding that Plaintiff should take nothing by way of its Complaint;

B.     Finding that Interactive Intelligence does not infringe, and has never infringed, any valid claim of the Asserted Patents, whether literally, directly, indirectly, jointly with any other person or entity, contributorily, by inducement, under the doctrine of equivalents, or otherwise under any section of 35 U.S.C. § 271;

C.     Finding that all asserted claims of the Asserted Patents are invalid;

D.     Finding that Plaintiff is not entitled to any injunctive relief;

E.     Finding that all asserted claims of the Asserted Patents are unenforceable against Interactive Intelligence and no damages for any alleged past infringement of the Asserted Patents by Interactive Intelligence can be recovered by Plaintiff because such damages are barred by the equitable doctrines of laches, waiver, and/or estoppel;

F.     Enjoining Plaintiff, its counsel, its officers, and any and all persons in active concert or participation with it, either directly or indirectly, from charging infringement of, or instituting any action for infringement of, the Asserted Patents against Interactive Intelligence, its vendors, its business partners, or its customers for the manufacture, use, sale, offer for sale, or importation of Interactive Intelligence's products, systems, and/or services that Plaintiff accuses of infringing the Asserted Patents.

G.     Awarding Interactive Intelligence its costs, expenses, and fees, including reasonable attorneys' fees, pursuant to 35 U.S. C. § 285 and/or other applicable statutes; and

H.      Awarding Interactive Intelligence such other and further relief as the Court deems just, equitable and proper.

## IV.      JURY DEMAND

Interactive Intelligence hereby respectfully requests a trial by jury, pursuant to Rule 38 of the Federal Rules of Civil Procedure, on all issues so triable.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Karen Jacobs*
Karen Jacobs (#2881)
Michael J. Flynn (#5333)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
kjacobs@mnat.com
michael.flynn@mnat.com
    *Attorneys for Defendant*
    *Interactive Intelligence, Inc.*

OF COUNSEL:

R. Trevor Carter
Matthew C. Ennis
FAEGRE BAKER DANIELS LLP
300 N. Meridian Street
Suite 2700
Indianapolis, IN  46204
(317) 237-1352

April 18, 2014
8181525

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned, hereby certify that on April 18, 2014, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to all registered participants:

I also certify that copies were caused to be served on April 18, 2014, upon the following in the manner indicated:

Brian E. Farnan                                                    *BY ELECTRONIC MAIL*
FARNAN LLP
919 North Market Street, 12th Floor
Wilmington, DE  19801

Margaret Elizabeth Day                                    *BY ELECTRONIC MAIL*
Ian N. Feinberg
David L. Alberti
Clayton Thompson
Marc C. Belloli
Sal Lim
Yakov Zolotorev
FEINBERG DAY ALBERTI
& THOMPSON LLP
1600 El Camino Real, Suite 280
Menlo Park, CA  94025


/s/ Karen Jacobs
Karen Jacobs (#2881)