```
 1               UNITED STATES DISTRICT COURT

 2               FOR THE DISTRICT OF DELAWARE

 3

 4     PRAGMATUS TELECOM LLC        :   CA NO. 14-26-RGA,

 5                                  :   14-56, 14-163,14-169,

 6               Plaintiff,         :   14-359,14-360, 14-361

 7                                  :   September 24, 2014

 8     v.                           :

 9                                  :   1:02 O'clock p.m.

10     GENESYS TELECOMMUNICATIONS   :

11     LABORATORIES, INC, et al     :

12                                  :

13               Defendants,        :

14     ...........................

15

16

17               TRANSCRIPT OF SCHEDULING CONFERENCE

18          BEFORE THE HONORABLE RICHARD G. ANDREWS

19               UNITED STATES DISTRICT JUDGE

20

21

22     APPEARANCES:

23

24     For Plaintiff:     FARNAN LLP

25                        BY:  MICHAEL J. FARNAN, ESQ
```

```
 1                              -and-

 2                   FEINBERG DAY ALBERTI & THOMPSON LLP

 3                   BY:  M. ELIZABETH DAY, ESQ

 4                   BY:  MARC C. BELLOLI, ESQ

 5

 6

 7    For Defendants:    MORRIS, NICHOLS, ARSHT & TUNNELL

 8                   BY:  KAREN JACOBS, ESQ

 9                   BY:  MICHAEL J. FLYNN, ESQ

10                          -and-

11                   DUANE MORRIS LLP

12                   BY: KARINEN KHACHATOURIAN, ESQ

13                   For Defendant LiveOps

14

15                   MORRIS, NICHOLS, ARSHT & TUNNELL

16                   BY:  KAREN JACOBS, ESQ

17                   BY:  MICHAEL J. FLYNN, ESQ

18                          -and-

19                   WILSON SONSINI GOODRICH & ROSATI

20                   BY:  VERA M. ELSON, ESQ

21                   BY:  KATE P. MAHAFFY, ESQ

22                   For Defendant Aspect Software

23

24                   MORRIS, NICHOLS, ARSHT & TUNNELL

25                   BY: KAREN JACOBS, ESQ
```

```
 1                    BY:  MICHAEL J. FLYNN, ESQ

 2                             -and-

 3                    FAEGRE BAKER DANIELS LLP

 4                    BY:  TREVOR CARTER, ESQ

 5                    For Defendant Interactive Intelligence

 6

 7                    POTTER, ANDERSON & CORROON

 8                    BY:  BINDU A. PALAPURA, ESQ

 9                             -and-

10                    SOCAL IP LAW GROUP LLP

11                    BY:  STEVEN C. SEREBOFF, ESQ

12                    BY:  JONATHAN PEARCE, ESQ

13                    For Defendant TouchCommerce

14

15                    RICHARDS, LAYTON & FINGER

16                    BY:  JEFFREY L. MOYER, ESQ

17                    BY:  KATHARINE C. LESTER, ESQ

18                             -and-

19                    CHRISTIE PARKER HALE LLP

20                    BY:  ART HASAN, ESQ

21                    For Defendant Genesys Telecommunications

22

23                    BALLARD SPAHR

24                    BY:  BETH MOSKOW-SCHNOLL, ESQ

25                    BY:  JOHN L. CUDDIHY, ESQ
```

1            For Defendant InContact

2

3

4    Court Reporter:          LEONARD A. DIBBS

5                             Official Court Reporter

6

7

8                    P R O C E E D I N G S

9

10           THE COURT:  Good afternoon, everyone.  Please be

11   seated.

12           This is Pragmatus Telecom LLC versus Genesys

13   Telecommunications Laboratories, Civil Action No. 14-26.  And I

14   have got eight cases listed.  Then we've got seven -- six on the

15   letter.

16           And I think that's maybe because two of them may have

17   settled in the meantime?

18           MR. BELLOLI:  Yes.  Exactly right.

19           THE COURT:  In any event, who's ever here for the

20   plaintiff.  Mr. Farnan.

21           MR. FARNAN:  Yes, your Honor.

22           Marc Belloli and Elizabeth Day from Feinberg Day.

23           THE COURT:  For the various defendants.

24           Ms. Palapura.

25           MS. PALAPURA:  Good afternoon, your Honor.  Bindu

1      Palapura from Potter, Anderson on behalf TouchCommerce.

2             I believe we have a few co-counsel on the line with me,

3      Steven Sereboff and Jonathan Pearce from the SoCal IP Law Group.

4             THE COURT:  All right.  Can you hear us all right out

5      there?

6             VOICE:  (Yes)

7             THE COURT:  Mr. Moyer.

8             MR. MOYER:  Good afternoon, your Honor.

9             Jeff Moyer for Genesys Telecommunications Laboratories.

10     Kate Lester from office is with me.  I believe we have Art Hason

11     from the Christie Parker law firm on as well.

12            THE COURT:  Good afternoon.

13            Ms. Schnoll.

14            MS. MOSKOW-SCHNOLL:  Good afternoon, your Honor.

15            Beth Moskow-Schnoll from Ballard Spahr for InContact.

16            With me is my colleague John Cuddihy also from Ballard

17     Spahr.

18            THE COURT:  Okay.  I was afraid he was another Delaware

19     lawyer whose name I could not pull to my head at this moment.

20            Ms. Jacobs.

21            MS. JACOBS:  Good afternoon, your Honor.

22            We have the remaining three defendants.

23            Karen Jacobs and Michael Flynn from Morris Nichols.

24            For Interactive Intelligence, we on the line with us

25     Trevor Carter from Faegre Baker Daniels.

1          For Aspect Software, we have on the line with us Vera

2     Elson and Kate Mahaffy from Wilson Sonsini.

3          And for Live Ops, we have on the line with us Karineh

4     Khachatourian.

5          THE COURT:  Good afternoon to all of you out there.

6          So, I have the Proposed Scheduling Order.  I guess, in

7     fact, there's only one dispute.  This plays out in various parts

8     of the Scheduling Order, right?

9          MR. BELLOLI:  That's correct, your Honor.

10          MS. JACOBS:  I believe there are two disputes, your

11     Honor.

12          MR. BELLOLI:  One on depositions as well.

13          MS. JACOBS:  One on depositions and one on claim

14     construction.

15          THE COURT:  Right.  Yes, you're right.  There is a

16     deposition one.

17          So, claim construction.  I have to say that the

18     plaintiff's proposal strikes me as a bit unusual on the timing.

19          MR. BELLOLI:  Yeah.  You would think normally, I guess

20     plaintiffs want it later.  We just went through claim

21     construction as your Honor knows.  We figure -- and the

22     defendants know their products.

23          THE COURT:  They don't know what you're theories about

24     their products are, do they?

25          MR. BELLOLI:  I think they do.

1          We can move everything up if we want to in that regard

2     as well.  In terms of contentions, if we want to move those up

3     as well.  It would move up their productions.

4          THE COURT:  I was kind of thinking the opposite here,

5     which is I've already construed a bunch of terms, presumably

6     there could be other terms that they would be interested in that

7     are different than the ones I construed, but it might take

8     awhile for them to figure that out.

9          So, it actually makes no sense to me what you propose.

10         Is there any actual reason other than what you just

11     said as to do it according to your schedule?

12         MR. BELLOLI:  I don't know that.

13         I don't know if there would be that many terms left.

14     At least for three of the four patents, we touched on almost

15     every word with these '313 terms the last time around.

16         THE COURT:  So that almost just argues as to why hurry

17     to do it again, why not let some time develop and see if there

18     is anything actually to have more construction about?

19         MR. BELLOLI:  That is one way to look at it.

20         I just think that both sides do know what the remaining

21     issues are.  Defendants do know what issues they have out there.

22     They'll probably contend they don't, but I thought it was easier

23     was to get this case moving along from the beginning.

24         THE COURT:  Do the defendants have anything they want

25     to say?

1          MS. JACOBS:  Yes, your Honor.

2          In terms of -- I think one important difference from

3    the claim construction the last time around, there's an

4    additional patent that has not  been construed.  So that's one

5    big change.

6          I think what defendants have proposed actually is a

7    fairly expedited track.  We're proposing to start --

8          THE COURT:  Like a March or April.

9          MS. JACOBS:  March.

10          Pretty much as soon as disclosures are completed.  And

11    to state the obvious, these are new defendants who have not had

12    a opportunity to participate in prior proceedings.  They're

13    different products.  We don't know what claims are asserted.

14          And essentially, what the plaintiff is proposing is

15    that we essentially begin claim construction in six weeks before

16    we've had any disclosures whatsoever, before we've had

17    discovery, before we've had an opportunity to depose the

18    inventors.

19          THE COURT:  You're not going to get to depose the

20    inventors any time soon, are you?

21          MS. JACOBS:  At least we'd like to have that

22    possibility, but by starting in March there's some potential.

23          Not the biggest issue, your Honor.  I think the

24    stronger issue is that six weeks now, we will have achieved

25    nothing in the case.

1          THE COURT:  Actually, while you're mentioning the

2     inventors, we'll get back to that in a second.

3          In the various cases that have proceeded, have the

4     inventors every actually been deposed?

5          MR. BELLOLI:  They have not, your Honor.

6          THE COURT:  All right.

7          Well, so as far as the schedule goes, I can't actually

8     see any justification for the plaintiff's proposal.  So I'm

9     going to go entirely with the defendants' proposal in paragraph

10    3 -- I guess the actually paragraph 8, paragraph 9 and paragraph

11    10.

12         We will pick a Claim Construction Hearing some time in

13    September of 2015.  I guess there's exactly no time like the

14    present to doing that.

15         Well, how about September 17th at 8:30 a.m, that's a

16    Thursday?

17         MS. JACOBS:  Very good, your Honor.

18         MR. BELLOLI:  Good, your Honor.

19         THE COURT:  Okay.

20         All right.  And so the trial date we had in mind for

21    paragraph 18 was October 31st of 2016 at 9:00 a.m.

22         Even though it doesn't say it, that's a five day jury

23    trial.  I might as well add that in.

24         The pretrial conference would be on October 21st at

25    8:30 a.m.

1            And the trial scheduling paragraph of paragraph --

2       paragraph 14 would be on July 1, 2016 at 8:30 a.m.

3            I think then that's the only that is left is this

4       depositions issue.

5            MR. FARNAN:  I'm sorry.  What was the day for the

6       Pretrial Conference?

7            THE COURT:  I think it was October 21st.

8            MR. FARNAN:  Thank you.

9            MR. CARTER:  Your honor, this is Trevor Carter on

10      behalf of Interactive Intelligence.

11           I'm set for a trial in another case that week.

12           THE COURT:  All right.  Well, in the very remote

13      possibility that you're still left in the case in July of 2016

14      and you still have the other trial scheduled, remind me that I

15      said that they got you first, okay?

16           MR. CARTER:  Thank you.

17           THE COURT:  So the depositions -- first off, I guess --

18      somewhere in the back of my mind I could be making this up

19      entirely.

20           In fact, rather than say something that would cause a

21      international incident, why not just ask.

22           Do we think Canada has different rules that may apply

23      to the amount of time that inventors, or, in fact, any human

24      being can be deposed.

25           MR. BELLOLI:  I personally have no idea, your Honor.

1          MS. JACOBS:  I do not know, your Honor.  I think that's

2    why the Scheduling Order was couched in a way to say subject to

3    those rulings and restrictions.

4          THE COURT:  All right.

5          Okay.  So plaintiff say the parties may take

6    depositions subject to the limits of the Federal Rules of Civil

7    Procedure, which I guess for anything other than the inventors,

8    gives both plaintiffs and the defendants a lot more time than

9    under the defendants' proposal, right?

10         MR. BELLOLI:  Correct.  Ten depositions is the maximum.

11         THE COURT:  I guess when we say ten depositions, that's

12   ten depositions for each defendant?

13         MR. BELLOLI:  Correct.

14         THE COURT:  You can take 60 depositions and they can

15   take 60, but you guys can only do ten?

16         MR. BELLOLI:  Correct.

17         THE COURT:  The defendants are the ones who want to

18   move away from the Federal Rules of Civil Procedure, I think.

19         Why do you want to do that and what's the justification

20   for what you want to do?

21         MS. JACOBS:  The justification, your Honor, is that

22   while nominally it's equivalent because Pragmatus only has three

23   employees.  It's really not -- at least the potential to be

24   abusive.

25         The numbers that are proposed here are much higher than

1   in the prior cases.  We don't understand and we've never been

2   given a explanation of why given the fairly limited technology

3   at issue here of Live Chat technology, why five full days per

4   defendant wouldn't be sufficient.

5       We've been in discussions.  We offered 35 hours of an

6   additional day would be helpful.  That was turned down.

7       I will just point out in the prior cases -- what

8   Pragmatus has proposed here is a departure from the prior

9   Scheduling Orders where they had agreed to a set number of

10  hours.  It was actually 40 hours in the prior cases.

11      THE COURT:  So you're telling me that, but one thing I

12  hate to do is to say what they do in one set of cases under one

13  set of circumstances is some king of precedent that then binds

14  them for a different set of cases perhaps under different

15  circumstances, because I have enough trouble with people wanting

16  to make sure that nothing they say could never be used against

17  them without actually taking stuff and using it against them, so

18  to speak.

19      MS. JACOBS:  Fair enough.  The circumstances are very

20  similar.

21      I know that Pragmatus has pointed out that there were

22  providers in this action.  There were providers in the last set

23  of cases as well.  There are certainly no issues.

24      THE COURT:  I'm sorry.  Providers?  I would have

25  guessed that Each Ad (ph) or whatever is was you just said, that

1    they were a provider.  You're a provider of what?

2            MS. JACOBS:  Of Live Chat services, Live Chat software.

3            THE COURT:  Okay.  I missed that.

4            Is that true for all the defendants?

5            MR. BELLOLI:  Yes, your Honor.

6            MS. JACOBS:  My point was simply that they were also

7    providers of Life Chat services in the last round of cases.

8    There were no issues that arose.  There was no concern about not

9    having adequate time.

10           We think that four or even five depositions would be --

11   we just don't see why anymore is needed in a case of this type

12   particularly given the plaintiff's familiarity with these

13   systems.  And some of these systems were likely the subject of

14   discovery in the prior actions, because they provide services to

15   customers.

16           THE COURT:  So, tell me why -- one of the things --  so

17   you're concerned that Mr. Belloti.

18           Am I pronouncing that right?

19           MR. BELLOLI:  Belloli.

20           THE COURT:  Belloli.  That's an L.  I'm sorry.

21           MR. BELLOLI:  No problem.

22           THE COURT:  The Y in Ms. Day's name crossed the L in

23   your name.

24           Mr. Belloli will send out his junior associate to waste

25   your time and give that person some practice?

1          MS. JACOBS:  That's the concern.

2          We hope that wouldn't be the case.

3          The reason why we have limits is to try to keep people

4    reasonable and not abusive and to have everybody plan

5    accordingly.

6          We really haven't heard any explanation given the

7    fairly limited technology involved of why more than four or five

8    depositions per defendant would be needed.

9          THE COURT:  Let me ask you a question, and you may not

10   know the answer, but if you don't know the answer just tell me

11   what you think.

12         Do you think Mr. Belloli and his firm are on a

13   contingency basis here or being paid by the hour?

14         MS. JACOBS:  I don't know, your Honor.

15         I've seen these kind of cases in both ways.

16         THE COURT:  I'm not saying -- that's the reason I

17   thought you might not know.  I don't know either.

18         All right.

19         MS. JACOBS:  The only other thing I would add, your

20   Honor, is in contrast, the concern -- not only do we have a

21   concern about the total number of hours that they're seeking,

22   but there's also no provision about how are we going to handle

23   inventor depositions which tried to address in our proposal?  It

24   doesn't address third parties or experts, which again, we tried

25   to address in our proposals.

1          Part of our concern was the sheer number of hours,

2    which we think, while nominally it's two sided, it's really one

3    sided, because we really have nobody to depose.

4          But beyond that, I think we need some clarity on

5    particularly the inventor depositions.

6          THE COURT:  Okay.  The fact that it may be one sided

7    and you don't have very much to depose -- let's assume that for

8    some reason or another, they were a company that had no human

9    employees, so, therefore, I guess they could still be forced to

10   come up with a 30(b)(6) people.  They would have to hire them.

11         Let's say that as a practical matter that it was a

12   complete waste of time to depose the company, the plaintiff for

13   more than seven hours, would you say, Well then, okay, they

14   could only depose you for seven hours?

15         MS. JACOBS:  No, of course not.

16         There ought to be a reasonable number of hours to take

17   discovery that is needed from a defendant.  I'm not suggesting

18   go there needs to be complete parity.  It's just a recognition

19   that there is a potential for abuse when only one side is there

20   and any real discovery to be taken.

21         THE COURT:  Okay.

22         Just tell me about the inventors.  You said you would

23   like to have a proposal for directing the inventors.

24         So, I guess, why did you want to have a proposal for

25   addressing the inventors, I guess, because otherwise -- actually

1    under Mr. Belloli's theory, I take it that if you wanted to each

2    of you could depose the inventors for seven hours?

3         MS. JACOBS:  It can be complicated.  You can get into

4    disputes about whether or not if you all show up, it's the same

5    seven hours.

6         I guess we're trying to de couple that while

7    coordinating at the same time making clear what the total number

8    of hours is for a deposition rather than -- I suppose you're

9    right, your Honor, we can all take seven hours, presumably take

10   the inventors and leave it that way.  I'm sure that plaintiff

11   counsel would be coming back to your Honor if we tried to do

12   that.

13        THE COURT:  Well, you know, in the back of my mind, I

14   have the impression the Canadian Court's might protect their

15   citizens from that sort of thing, but maybe not.  I don't know.

16        THE COURT:  Mr. Belloli, do you have anything to say

17   about this?

18        MR. BELLOLI:  I don't think there's going to be any

19   abuse, your Honor.

20        If we don't need ten depos, we don't need ten

21   depositions.  We won't take anymore than we need.

22        I just don't feel that I want to limit myself on the

23   front end and then come back to your Honor in the event that we

24   need more than four.

25        THE COURT:  What about the inventors?

1        MR. BELLOLI:  We don't know what the Canadian laws are.

2        Under our proposal, they could each take -- they're

3   actually getting more time with the inventors under our proposal

4   than under their proposal.

5        THE COURT:  Would it be the understanding that if, say,

6   three of them said, okay, let's go dispose inventor A for 21

7   hours, and that's counting seven hours against each of us, is

8   that the end of the discussion about whether or not they could

9   do that assuming the Canadian Court approves?

10        MR. BELLOLI:  Maybe, maybe not.

11        If the defendants have a proposal of how they want to

12   -- anything reasonable with the inventors would be fine with me.

13        I don't know how much time they really think they need.

14        THE COURT:  Well, so --

15        MR. BELLOLI:  It's hard to discuss this.  We don't know

16   what the Canadian Court will even permit or allow for.

17        THE COURT:  Well, that's true.  That's true.

18        So, Ms. Jacobs, just getting back to you.

19        What you're saying is in so many words is that you

20   think your proposal would clarify matters recognizing that you

21   might actually as a group have a claim on more time if you went

22   with Mr. Belloli's proposal than if you we went with yours?

23        MS. JACOBS:  First of all, let me just point out

24   that -- I realize that Pragmatus isn't necessarily bound by the

25   prior cases, but this does come from that provision.  We did

1    sort of go over this ground before.  This is not a new proposal.

2          I think the point we have of having this here is that

3    what we don't want to see happen is when the Canadian Court is

4    looking at this issue for it to say, wait, under Federal Rules

5    of Civil Procedure for U.S. law, you're only entitled to seven

6    hours, so why should we, the Canadian Courts give you more than

7    that?

8          We want sort of an expectation that assuming that the

9    Canadian Court is willing to grant this number of hours, that

10   this is the expectation of what was needed for the case as

11   opposed to sort of starting behind with the notion of a seven

12   hour deposition.

13         THE COURT:  I can't remember.  I know I've heard this

14   before, these things tend to get mixed up.  The fourth patent

15   that was added has the same list of inventors as the first three

16   patents?

17         MR. BELLOLI:  Yes, same specification.

18         MS. JACOBS:  Yes, your Honor.

19         THE COURT:  And I forget.  How many inventors are there

20   all together?

21         MR. FLYNN:  Seven inventors, your Honor.

22         THE COURT:  All right.

23         I'm going -- I don't actually think -- I don't expect

24   the plaintiff will abuse a number of depositions within the

25   rules, and given that you are providers, I don't know enough

1    about the technology to say it's a easy matter to figure out

2    what you all do.

3        I'm not going to -- I'm going to go with the

4    plaintiff's proposal setting aside the question of the

5    inventors.

6        I'm kind of thinking that, because I do, in the back of

7    my mind, have the idea that U.S. discovery -- certainly when I

8    hear about other court systems, they don't have discovery like

9    we do.

10        So I'm thinking that it might actually help -- excuse

11    me, if we get to trying to depose the inventors in Canada, to

12    have some limitation.

13        So I'm thinking of going with defendants' limitation.

14    I guess part of it is I'm actually thinking -- I'm inclined to

15    cut the 21 hours down to 14.

16        MR. BELLOLI:  That's fine with us, your Honor.

17        MS. JACOBS:  If that's your ruling, we'll go with that.

18        We were thinking -- the reason that we had done this is

19    because two of the inventors was with the expectation that there

20    would be one or two lead inventors with the number of

21    defendants, that we might want some more time.

22        THE COURT:  I think that's probably a reasonable

23    expectation.

24        You know, I'm kind of wondering whether the remaining

25    inventors ought to be cut down to seven hours.

1          It just seems -- it seems like a lot of time.

2          And I do appreciate -- I think probably -- I'm going to

3     actually -- I'm going to go with my gut, which I think that 14

4     hours for the two inventors of your choice.  Hopefully, you'll

5     be able to figure out who the lead inventor is.  I would guess

6     it would be the first person named on the patent, but who knows?

7          I'm going to knock the other ones down to seven hours

8     collectively.

9          I don't know whether you're going -- whether you might

10    be trying to do this all in one shot, or whether it will be a

11    kind of a iterative process.

12         But I would say that if you actually do go out and do

13    an inventor or two and you find that the 14 on -- you find out

14    however you start that the time is understated, feel free to

15    come back and ask for more.

16         I think just out of the box, seven is enough for the

17    non-lead inventors, okay?

18         Where you say 21, I'll say 14.  Where you say 14, I'll

19    say 7.  And that will all fit in with the overall Federal Rules

20    of Civil Procedure, okay?

21         MR. FLYNN:  Your honor, just to clarify.  That's seven

22    hours total for the remaining five inventors?

23         THE COURT:  Seven inventors for each.

24         MR. FLYNN:  For each inventor.

25         THE COURT:  Right.

1           MR. FLYNN:  So it's 14 hours for each of two inventors

2    and seven hours for each of the remaining five?

3           THE COURT:  Yes.

4           MS. JACOBS:  One further clarification, your Honor.

5           If Pragmatus chooses to have a inventor be a 30(b)(6)

6    witness, that time would not account toward the seven?

7           THE COURT:  No.  If they're a 30(b)(6) witness, A, I

8    think that would probably pretty much if -- I would think among

9    other things they would be paying for the person to come to the

10   United States, so it would not be a Canadian Court decision as

11   to exactly what you could do.

12          Somehow or other that doesn't strike me as being a good

13   idea to depose -- to say someone is a 30(b)(6) witness, that you

14   have to get the authority of another Court to actually depose,

15   even though, I guess that happens.

16          And if they are a 30(b)(6) witness, then that is

17   30(b)(6) time, not inventor time, okay?

18          MS. JACOBS:  Thank you.

19          MR. BELLOLI:  I hear you.

20          THE COURT:  Is there anything else in this collection

21   that I've missed?

22          MR. BELLOLI:  I don't believe so, your Honor.

23          MS. JACOBS:  No, your Honor.

24          THE COURT:  Mr. Farnan of if you don't mind

25   resubmitting, I will sign it, and you can be on your way here,

1    okay?

2              MR. FARNAN:  Yes, your honor.

3              THE COURT:  Thank you all for coming.

4              (At this time the Rule 16 concluded.)

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25